UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASE NO. 3:14-MC-19-H

KENTUCKY EMPLOYEES RETIREMENT       APPELLANTS
    SYSTEM, *et al.*

V.

SEVEN COUNTIES SERVICES, INC.       APPELLEE

**MEMORANDUM OPINION AND ORDER**

Kentucky Employees Retirement System ("KERS") and the Board of Trustees of the Kentucky Retirement Systems ("KRS") have moved for leave to appeal from a Memorandum Order and Opinion entered by the Bankruptcy Court on May 30, 2014. Specifically, KERS and KRS seek to appeal the Bankruptcy Court's decision granting Seven Counties Services, Inc.'s ("Seven Counties") Amended Motion for Approval of Debtor's Rejection of a Potentially Executory Contract (the "Motion to Reject").

In its lengthy motion for leave, KERS and KRS argue the Motion to Reject was a final and appealable order of the Bankruptcy Court. They therefore request this Court actually deny their motion for leave on the ground that leave is unnecessary to bring the appeal. In a one-page response, Seven Counties did not object to the appeal but claimed, without support, that this appeal is proper under the collateral order doctrine.

After reviewing the record, the Court concludes the decision by the Bankruptcy Court was a final order and that KERS and KRS do not require leave of this Court to make their appeal under 28 U.S.C. § 158(a)(1). Under this statute, a district court has jurisdiction to hear appeals "from final judgments, orders, and decrees." *Id.* "This finality requirement is considered in a

more pragmatic and less technical way in bankruptcy cases than in other situations." *Wignet v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th 2008) (citing *In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996)). And "where an order in a bankruptcy case finally disposes of discrete disputes within the larger case, it may be appealed immediately." *In re Cyberco Holdings, Inc.*, 734 F.3d 432, 437 (6th Cir. 2013) (quoting *Dow Corning*, 86 F.3d at 488). Here, there is no evidence this decision of the Bankruptcy Court was anything but a final order by the Bankruptcy Court, finally disposing of a discrete issue. An appeal from a final order does not require leave of this Court, so KERS and KRS should make their appeal in due course.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Appellants' Motion for Leave to Appeal is DENIED.

cc: Counsel of Record